# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN LAMMEY,<br><br>　　　　Plaintiff,<br>　vs.<br><br>WGSL-2, LLC; BAH CALIFORNIA, INC.<br><br>　　　　Defendants. | Case No.: 2:19-CV-04195-SVW<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## I.     Introduction

On April 27, 2019, Dwain Lammey ("Plaintiff") attempted to patron Church's Chicken at 1203 West Redondo Beach Boulevard, Gardena, California ("the Restaurant"). Plaintiff uses a wheelchair for mobility, and there is no dispute that Plaintiff is disabled within the meaning of the relevant statutes, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the Unruh Civil Rights Act ("Unruh"), California Civil Code § 51. Plaintiff alleges that when he arrived at the Restaurant via the public sidewalk, he was denied access because the location lacked a separate travel path from the public sidewalk to the entrance of the Restaurant. Plaintiff further claimed the raised cracks within the parking lot made it impossible to use a wheelchair safely. Dkt. 29-1 at 2. On May 15, 2019, Plaintiff filed a complaint against the owner of the real property, WGSL-2, LLC, and its operator, BAH California, Inc. (together "Defendants"), for violating the ADA and Unruh by not having an accessible path of travel from the public sidewalk to the Restaurant entrance.

Plaintiff filed a motion for summary judgment, but the Court denied the motion because a factual dispute existed over whether Defendants' property was in compliance with ADA standards. A court trial was set for December 10, 2019. At trial, the dispositive issue was whether the ADA required Defendants to provide a separate accessible path of travel from the public sidewalk to the entrance that did not require patrons to pass through vehicular ways. The Court ordered supplemental briefing on this issue, which both parties submitted. In their briefs, the parties presented contrary interpretations of 36 C.R.F., pt.1191, App. B, §206.2.1(2) ("Exception Two"), which allows some properties to be exempt from providing accessible routes from the exterior boundaries of the property if the only means of access is a vehicular way. 36 C.R.F., pt.1191, App. B, §206.2.1. The dispositive issue is resolved if the Restaurant falls under Exception Two; if so, no separate path of travel is required. In the alternative, if the Restaurant is found inapplicable to Exception Two, the parties also argued whether a route through a vehicular way can qualify as an accessible route.

2

## II. Factual and Legal Arguments

Pursuant to Federal Rule of Civil Procedure 52(a) the Court conducted a bench trial to "evaluate the persuasiveness of conflicting testimony and decide which is more likely true, " while also reviewing the parties' legal arguments. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999). After one day of trial testimony, the Court found the dispositive issues could be resolved on further briefing.

The Court has now fully considered the parties' briefs and supporting evidence. As such, the Court sets out its findings of fact and conclusions of law below, established by a preponderance of the evidence. For all findings of fact set forth below, in making any credibility determinations regarding witness testimony, the Court has considered, among other things, the manner in which the witnesses testified, their interest in the outcome of the case, and the reasonableness of their testimony in light of all of the evidence. The Court has also considered the relevant factors in Section 1.14 of the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition).[1] Lastly, any finding of fact that constitutes a conclusion of law is adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is adopted as a finding of fact. *See KST Data, Inc. v. Northrop Grumman Sys. Corp.*, No. CV175125MWFPJWX, 2020 WL 3072993, at *1 (C.D. Cal. June 10, 2020).

### A. The Relevant Statutes and Regulations

The ADA states that a "failure to remove architectural barriers" constitutes an ADA violation when "removal is readily achievable." 42 U.S.C. §12182(b)(2)(A)(iv). Since the text of the ADA does not define what qualifies as an architectural barrier, the ADA Accessibility Guidelines ("ADAAG") published in 1991 and 2010 offer guidance on what an accessible route is. The 1991 standard stated that "At least one accessible route complying with [the accessible route guidelines] shall be provided within the boundary of the site from public transportation stops, accessible parking spaces [], and public streets or sidewalks to an accessible building

---

[1] Located at http://www3.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Civil_Instructions_2018_9_0.pdf.

entrance." 28 C.F.R., Pt. 36, App. D, §4.1.2(1). Similarly, the 2010 standard states "At least one accessible route shall be provided within the site from accessible parking spaces []; public street and sidewalks; and public transportation stops to the accessible building or facility entrance they serve." §206.2.1.

However, the modern standard includes two exceptions to the guideline, with Exception Two being pertinent to the present case. Exception Two permits that "An accessible route shall not be required between site arrival points and the building or facility entrance *if the only means of access between them is a vehicular way not providing pedestrian access*." §206.2.1(2) (emphasis added). The 2010 standard also included the Access Board Advisory Note for §206.2.1 which states "Access from site arrivals may include *vehicular ways*. Where a vehicular way, or portion of a vehicular way, is provided for pedestrian travel, such as within a shopping center or shopping mall parking lot, this exception does not apply." Advisory note §206.2.1 is not a part of the ADAAG nor issued by the Department of Justice ("DOJ"), but produced separately by an advisory council to offer further interpretative guidance on the regulation. In the present case, the dispositive issue is whether the Restaurant falls within Exception Two from the 2010 standards.

### B. Plaintiff's interpretation

Plaintiff argues that Exception Two only applies to vehicular paths that serve drive-up only businesses with no adjacent public sidewalks, such as a self-storage unit. Dkt. 48 at 6. This viewpoint is not well-supported. In their brief, Plaintiff only provides an excerpt from the Federal Register which shows that Exception Two is used sparingly because it does not apply to properties where it can be reasonably anticipated pedestrians will use the vehicular route. 75 Fed. Reg. 56236, 56319 (Sept. 15, 2010). Plaintiff then relies on a DOJ, Technical Assistance Letter ("TAL") issued in 1992, to argue that all vehicular drive paths are inapplicable as accessible routes, and thus, architectural barriers. Dkt. 48 at 5 (citing Technical Assistance Letter from Philip L. Breen, Special Legal Counsel, Office on the Americans with Disabilities Act and published by the Department of Justice (May 26, 1992)) ("Though the exterior accessible routes may include 'crosswalks at vehicular ways,' the definition does not allow the vehicular way itself to be used as an accessible route."). But this letter does not make any mention of any

4

exceptions, and is not directly relevant to the question at issue in this case: whether the Restaurant falls under Exception Two.

### C.   Defendant's Interpretation

Defendants rely on advisory note 206.2.1 to argue Exception Two does apply to the Restaurant. If Exception Two does apply to the Restaurant, an accessible route is not required for the sidewalk, and the compliance of the vehicular way would be irrelevant. Defendants provided uncontroverted evidence showing the path from the parking lot to the Restaurant entrance was compliant. Dkt. 30, Exh. 8. To prove the Restaurant falls under Exception Two, Defendants show that Church's Chicken Restaurant is a single building not part of a mall shopping center. Dkt. 50 at 3. (citing advisory note §206.2.1) ("Where a vehicular way, or portion of a vehicular way, is provided for pedestrian travel, such as within a shopping center or shopping mall parking lot, [Exception Two] does not apply."). In the alternative, Plaintiff argues the vehicular paths can be a part of an accessible path.

## III.   Conclusions of Law

### A.   The Restaurant falls within Exception Two

Neither party's interpretation has been directly discussed by the Ninth Circuit. However, it is clear from the Court's reading of the statute that, when Exception Two applies, an accessible route of travel from the exterior boundary of the business entrance is not required. 2010 ADAAG § 206.2.1(2). Further, when a vehicular way does not provide pedestrian access, and the property otherwise falls within Exception Two, the vehicular way does not need to comply with ADA standards. *See also Arroyo v. Melendez*, No. 219CV04811ODWJPRX, 2020 WL 869211, at *4 (C.D. Cal. Feb. 21, 2020) (finding Exception Two applied because the vehicular way did not provide for pedestrian travel so an accessible route from the sidewalk was not required).

In the alternative, even when Exception Two does not apply, routes through vehicular ways can suffice as accessible routes so long as all patrons use the same path, and the vehicular way is otherwise compliant. *See Elguezabal v. GBG Properties Two LLC*, No.

EDCV1801242ABKKX, 2019 WL 6792815, at *3 (C.D. Cal. Oct. 2, 2019) (granted summary judgment to defendant because patrons used the same path through the parking lot); *see also Lammey v. Queenbee LLC*, No. 219CV02381ODWPLAX, 2019 WL 7050221, at *2 (C.D. Cal. Dec. 20, 2019) (citing the ADAAG allowing accessible routes to pass through parking lots and vehicular lanes). A explained below, the Court concludes that Exception Two applies to the Restaurant because it is a stand-alone building, and the vehicular paths does not provide for pedestrian access.

### B. Analysis

#### 1. **Plaintiff Has Failed to Meet His Burden**

Plaintiff failed to present any persuasive evidence to support the interpretation that Exception Two solely applies to drive-up only establishments surrounded by private property. Plaintiff emphasizes that DOJ interpretations should be given substantial deference, and that the TAL is persuasive evidence that Exception Two does not apply to the Restaurant. *See Miller v. California Speedway Corp.*, 536 F.3d 1020, 1030 (9th Cir. 2008) ("Because the DOJ's interpretation is a reasonable, practical construction in light of the ambiguity of the regulation, it is entitled substantial deference."); s*ee also Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000) (noting that a DOJ technical assistance manual was cited along with other evidence to support the plain meaning of the regulation). However, the TAL is inapposite to Plaintiff's claims because it does not actually discuss the issue of vehicular paths from a public sidewalk, nor does it discuss Exception Two. The TAL discusses accessible routes from parking spaces, not a sidewalk. While this Court does grant deference to DOJ interpretations, Plaintiff's evidence is inapplicable to the dispositive issue.

The only other authority Plaintiff presented was an excerpt from the Federal Register discussing the standard for determining whether a vehicular path provides for pedestrian access, and whether it can be reasonably anticipated if pedestrians will use the vehicular route. 75 Fed. Reg. 56319. However, the Federal Register excerpt actually weakens Plaintiff's position, as the it specifically recounts the DOJ choosing to apply Exception Two even when pedestrian use of the vehicular way could be reasonably foreseen. 75 Fed. Reg. 56319.

Plaintiff never responded to Defendants' evidence showing that the Restaurant met Exception Two due to its layout, which caters to vehicles and does not provide for pedestrian access. Accordingly, Plaintiff has failed " to produce evidence in support of [his] claim in order to carry [his] ultimate burden of persuasion." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1107 (9th Cir. 2000); *see also Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) ("[T]he relevant inquiry is whether the evidence presented at trial supports a finding of liability.").

### 2. **Defendants Have Demonstrated Exception Two Applies to the Restaurant**

Conversely, while Plaintiff has failed to meet his burden, Defendants offered persuasive evidence demonstrating that the Restaurant should fall under Exception Two. First, Defendants noted the text of the regulation "providing pedestrian access," did not include specific definitions. Defendants cite the Merriam-Webster Dictionary to argue the plain meaning of "providing pedestrian access," means "an affirmative designation or construction, such as a sidewalk or other separate pathway; a specific, defined path or route." Dkt. 58 at 7. Defendants also cited advisory note §206.2.1, which shows that affirmative designations tend to be present in shopping malls, not stand-alone buildings. The aerial photographs provided during summary judgment verified that no affirmative designation of a pedestrian walkway exists on the property. Dkt. 30, Exh. 5.

Secondly, Defendants cite persuasive cases which demonstrate that the phrase "provide pedestrian access" implies some level of affirmative designation. Dkt. 58 at 6; *see Wilson v. Pier 1 Imports (US), Inc.*, 439 F.Supp.2d 1054, 1071 (E.D. Cal. 2006) ("Exterior accessible routes may include parking access aisles" and "crosswalks at vehicular ways."); *Barnes-Boers v. TRU 2005 REI*, LLC, No. 2:13-CV-1827-WBS-CMK, 2014 WL 1400952, at *4–*5 (E.D. Cal. Apr. 10, 2014) (rejected the notion that a route for handicapped customers cannot go through a vehicular way, arguing that a separate accessible route would "virtually effect every commercial parking lot in the country.").

In accordance with the discussion above, the Court concludes the Restaurant is classified under Exception Two because Defendants demonstrated that the Restaurant is a stand-alone building, and the vehicular path does not provide for pedestrian travel. Since the exemption applies, the Restaurant is only required to provide one accessible route into the building, which is provided here via the walkway from the handicapped parking spaces to the Restaurant entrance.

### IV. Findings of Fact

Plaintiff alleges the path through the parking lot has "raised cracks that make it impossible" to safely use a wheelchair. Dkt. 48 at 2. Since the Restaurant is exempt from providing a separate route from the public sidewalk under Exception Two, there is no need to discuss if the raised cracks in the general parking lot violate the ADA. The only factual dispute is whether the pathway from the designated handicapped parking to the front entrance has any architectural barriers.

During summary judgment, Plaintiff provided evidence that the walkway from the handicapped parking space to the entrance of the Restaurant was *previously* inaccessible because of sloping and cracks. Dkt. 29, Exh. 5. The burden then shifted to Defendants to prove that they remediated the property. The Defendants met this burden by providing an updated CASp report showing a new parking space to entrance pathway as fully compliant, with the original noncompliant path no longer in use. Dkt. 30, Exh. 8.

This evidence is substantively uncontested, as Plaintiff did not provide further evidence to show cracks or unevenness within the accessible route from the designated handicapped parking to the front entrance. Plaintiff only addressed the parking lot between the *sidewalk* and the Restaurant entrance. Plaintiff also argued that Defendant's expert, who completed the CASp inspection, should not determine if the parking lot met accessibility standards because it is an issue of legal interpretation. Dkt. 60 at 5. The Court does not accept Defendant's expert's conclusion on the ultimate legal issue. Rather, in the face of Defendant's unrebutted evidence, the Court concludes Plaintiff has failed to meet its burden of establishing the parking lot is not in

compliance with ADA standards. *See also Love v. Garcia*, No. 515CV02004CASSPX, 2016 WL 5420562, at *3 (C.D. Cal. Sept. 26, 2016*)* (deciding that the defendant's CASp report was sufficient in satisfying the initial burden that there was no longer a risk of injury through visual evidence and measurements); *Arroyo v. Arturo Vasquez*, No. CV182116DSFEX, 2019 WL 4383941, at *2 (C.D. Cal. June 4, 2019) (stating that to sufficiently meet a party's burden a CASp report must provide specific facts or evidence to support a claim of compliance with the ADA).

## V. Conclusion

Based on the Court's findings of fact and conclusions of law set forth above, the Court holds Plaintiff did not meet his burden of persuasion at trial, and failed to prove Defendants liability under the ADA and Unruh through a preponderance of the evidence. Therefore, the Court GRANTS judgment in favor of Defendants.

IT IS SO ORDERED.

Date: August 10, 2020

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE